**C.O.P.S., LTD.,**
*Respondent,*

*v.*

**Douglas G. WARD,**
*Appellant,*

*and*

**Ronald E. MARKER,**
**and Blake Marker and Associates, Inc.,**
*Defendants.*

(87C-10947; CA A50017)

794 P2d 827

Charles R. Markley, Portland, argued the cause for appellant. With him on the briefs were Michael G. Magnus, Patty T. Rissberger, and Greene & Markley, P.C., Portland.

Con P. Lynch, Salem, argued the cause for respondent. With him on the brief were Don A. Dickey and Douglas, Carson, Dickey & Lynch, P.C., Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

**DEITS, J.**

Defendant Ward appeals from a judgment in favor of C.O.P.S., Ltd. (COPS), which sued him to quiet title to real property and for damages for breaching a contract relating to a building on that property. The trial court granted relief on both claims. Ward argues that COPS is not entitled to both remedies. We affirm.

This case involves several transactions concerning a parcel of real property and a commercial building on that property. In 1957, Brock owned a bare lot and leased it to DeWitt for a period of 25 years with an option to extend the lease for an additional 25 years.[1] As part of that agreement, DeWitt constructed a commercial building on the property. The agreement provided that, at the termination of the lease, the building would revert to Brock. COPS purchased DeWitt's interest in the lease and in the building. In 1981, COPS assigned the lease to BMA and, by a separate contract, sold BMA its interest in the building. BMA then assigned its interests in the lease and the contract to Ward.

In June, 1986, Brock sent Ward a 60-day notice of intent to terminate the 1957 lease, because Ward had failed to make the lease payments. In August, 1986, Brock gave Ward written notice that the lease had terminated and that, in accordance with the lease, the building had reverted to Brock. In September, 1986, COPS gave Ward notice of default on the 1981 BMA contract that had been assigned to him. The default was Ward's failure to pay the monthly payments under the BMA contract, to pay the real property taxes on the building, to make necessary repairs and to pay the lease payments required by the contract. Ward did not respond to that notice.

In December, 1986, COPS purchased Brock's interest in the property and the building for $122,450. In that transaction, a title report showed the Brock/DeWitt lease as a cloud on the title to the property. Consequently, COPS brought this quiet title action. In the same complaint, COPS also sued Ward for damages suffered as a result of his alleged breach of the 1981 contract between COPS and BMA. The trial court

---

[1] In 1978, Brock's interest passed to Brock's heirs. For purposes of this opinion, however, we will continue to refer to that interest as Brock's interest.

quieted title to the property in COPS and awarded COPS a money judgment for damages under the BMA contract.

Ward argues that the trial court erred in granting both a quiet title judgment and damages. He contends that, under the BMA contract, COPS is a land sale contract vendor and that he is the vendee by assignment. He then likens the quiet title action to a strict foreclosure and argues that the trial court erred, because COPS was granted title to the property and also damages measured by the accelerated balance owed on the BMA contract. Ward may be correct that a land sale contract vendor, after default by the vendee, may either bring an action for strict foreclosure *or* damages, but that choice of remedies is inapplicable in this case.

COPS' right to quiet title does not come from its 1981 contract with BMA, but rather from its purchase of the land from Brock in 1986. That was a completely different interest from the one that COPS had purchased from DeWitt and subsequently sold to BMA by the 1981 contract. COPS' action for damages was based on the loss that it sustained from Ward's breach as assignee of the BMA contract that resulted in the termination of the lease and the reversion of the building to Brock.[2] Because COPS' quiet title action and claim for damages are based on completely different interests, the trial court did not err.

Affirmed.

---

[2] Ward argues that the 1957 lease was reinstated when COPS purchased the property from Brock. We disagree. There is no indication in the conveyance from Brock to COPS that the parties intended to reinstate the 1957 lease or that any portion of the purchase price was designated as back rent.